IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA L. SEITZ,

     Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; RED ROCK RISK RETENTION GROUP, INC.; TARGET CORPORATION; and THOMAS BENSON,

     Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff in the above-styled action and hereby files this Complaint, demanding a jury trial and showing this Honorable Court as follows:

### PARTIES AND SERVICE OF PROCESS

1.    Plaintiff Donna Seitz is a resident of the State of Georgia.

2.    Defendant Swift Transportation Co. of Arizona, LLC ("Swift Transportation") is a limited liability company organized under the laws of Arizona. Swift Transportation's principal place of business is 2200 South 75th Avenue, Phoenix, Arizona 85043. Swift Transportation maintains a registered agent for service of process in this State at Corporate Creations Network Inc., 2985

Cordy Parkway, 1st Floor, Marietta Georgia, 30006. Swift Transportation is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia, including in and through Henry County, Georgia. Swift Transportation may be served with process through its registered agent for service in Georgia.

3.     Defendant Red Rock Risk Retention Group, Inc. ("Red Rock") is a domestic profit corporation whose principal place of business is 2555 East Camelback Road Suite 700, Phoenix, Arizona 85016. At all relevant times, Red Rock was the insurance carrier that issued an insurance policy to Swift Transportation that was in effect on December 2, 2018 and covers in whole or in part the damages sustained by Plaintiff. Red Rock may be served with process through its statutory registered agent, National Registered Agents at 3800 North Central Avenue Suite 460, Phoenix, Arizona 85012.

4.     Defendant Target Corporation ("Target") is corporation organized under the laws of Minnesota. Target's principal place of business is 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target maintains a registered agent for service of process in this State at C T Corporate System, 289 South Culver Street, Lawrenceville, Georgia 30046. Target owns the trailer involved in the subject wreck, and Target has extensive contacts with the forum. Target may be served

with process through its registered agent for service in Georgia.

5.     Defendant Thomas Benson is a commercial truck driver over the age of majority who resides in Florida. Benson's last known residence address is 706 Northwest Ridgewood Avenue, Lake City, Florida 32055. At all relevant times, Benson was an agent of Swift Transportation and was driving the tractor-trailer involved in the subject wreck. He may be served with process at his last known address or wherever law allows.

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction here under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has supplemental jurisdiction over state- and common-law claims under 28 U.S.C. § 1367.

7.     Venue is proper in the Atlanta Division of the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Henry County, Georgia, which is in this Division.

8.     The Court has personal jurisdiction over the Defendants because they do business in Georgia, have committed a tort in whole or in part in Georgia, have substantial and continuing contact with Georgia, and derive substantial revenue

from goods used and consumed in Georgia.

## FACTUAL ALLEGATIONS

9.      **The Wreck.** At about 6:00 a.m. on December 2, 2018, Benson was driving a tractor-trailer well below the posted minimum speed and had crested a hill—slightly south of Hudson Bridge Road on I-75 South in Henry County, Georgia—when Seitz, driving prudently and within the posted speed limits, came over the hill in her sedan and collided with Benson ("the wreck").

10.      **Benson, Swift Transportation, Red Rock, and Target.** At all relevant times, Benson was Swift Transportation's agent, employee, or both, was operating in the course and scope of his agency relationship or employment with Swift Transportation, and was acting in furtherance of Swift Transportation's business. When the wreck occurred, Red Rock insured Swift Transportation and thus Benson through insurance policy number RRG13681818. Target owned the trailer Benson was pulling.

11.      **Mechanical Issues, Benson's Dangerously Slow Driving.** Before the wreck, Benson had been having mechanical issues with his tractor-trailer. So he had been driving the tractor-trailer below the posted minimum safe speed on the interstate. A police officer stated that he had seen Benson driving 10 miles per hour on the interstate approximately thirty minutes before the wreck.

12.     Rather than exit the interstate or pull over to address the mechanical issues, Benson continued to drive the tractor-trailer well below the posted minimum speed on the interstate. In fact, he drove past the exit ramp at Hudson Bridge Road.

13.     Seitz drove her sedan past the exit ramp at Hudson Bridge Road in a safe and prudent manner. At all relevant times, Seitz exercised ordinary care and was not negligent in any way.

14.     Because Benson was driving too slowly and had just driven over a hill, as Seitz approached Benson, she could not brake in time, and she collided with the back of Benson's tractor-trailer. Seitz's sedan lodged under the tractor-trailer and Bension dragged her some 70 feet down the interstate.

15.     Defendants' negligence actually and proximately caused the the wreck and Seitz's damages.

16.     The wreck was foreseeable to Defendants and could have been avoided had Defendants acted in a safe and prudent manner as required by law and in accordance with the standards required of professional truck drivers and motor carriers.

17.     **Damages.** Before and during the wreck, Seitz was freightened, shocked, and terrified. She also suffered excruciating physical pain. Then she lost

consciousness. She was transported by ambulance to the hospital where she was admitted and treated.

18.    Seitz suffered multiple serious injuries including but not limited to blunt trauma to the head with a large laceration of the scalp, multiple punctures from glass, and multiple contusions to her chest and abdomen.

19.    As a direct and proximate result of the Defendants' tortious conduct, Seitz suffered and continues to suffer serious and painful injuries, both physical and mental.

20.    Because of the collision, Seitz incurred past medical expenses and will incur future medical expenses, and her physical and mental health and quality of life have been significantly and likely permanently altered.

21.    Seitz is entitled to damages due to pain and suffering, lost wages, lost future earning capacity, and all damages allowed under Georgia law in an amount to be determined by a jury.

## CAUSES OF ACTION

### Count I—Benson's Negligence

22.    Plaintiff incorporates the paragraphs above verbatim here.

23.    Benson had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional driver and so as

not to endanger the lives and welfare of Seitz and the motoring public. This duty included operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

24.     As a professional truck driver, Benson also had a duty follow to the Federal Motor Carrier Safety Regulations and the industry and corporate standards on them, including the required skills and knowledge set forth in 49 C.F.R. §§ 383.111 and 383.113 and the mandates of §§ 390–395.

25.     Benson breached those duties and is liable for his tortious acts and omissions, which include ordinary negligence and negligence *per se*. As for negligence *per se*, Benson also violated at least four state traffic laws by—

- failing to operate his vehicle with due care (O.C.G.A. § 40-6-241); and

- driving a vehicle in reckless disregard of the safety of persons or property (O.C.G.A. § 40-6-390);

- driving a vehicle at such a slow speed as to impede the normal and reasonable movement of traffic (O.C.G.A. § 40-6-184(a)(1));

- driving a vehicle that is not in safe mechanical condition (O.C.G.A. § 40-8-7).

26.     Those statutes are intended to protect motorists such as Seitz from the

kind of harm she suffered. The violation of those statutes shows an entire want of care under O.C.G.A. § 51-12-5.1 that raises the presumption of conscious indifference to the consequences and entitles Seitz to an award of punitive damages.

27.    As a direct and proximate result of Defendants' tortious conduct, Seitz suffered and continues to suffer damages.

**Count II—Swift Transporation's Vicarious Liability and Negligence**

28.    Plaintiff incorporates the paragraphs above verbatim here.

29.    When the wreck occurred, Benson was under dispatch for Swift Transportation, an interstate motor carrier, and pursuant to state and federal law, Swift Transportation is liable for Benson's torts.

30.    Swift Transportation is vicariously liable for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors under O.C.G.A §§ 51-2-2, 51-2-5, 14-11-301, and other applicable law. These acts and omissions include Benson's acts and omissions described above.

31.    In addition to the duties of care that Swift Transportation breached vicariously via Benson, Swift Transportation negligently selected, hired, trained, supervised, retained, or entrusted Benson as a commercial motor vehicle driver.

32.    Swift Transportation also failed to properly inspect, maintain, service,

or repair the tractor Benson was driving and the trailer he was pulling, which violates state and federal law, including 49 C.F.R. §§ 396.3 and 396.7. Those statutes are intended to protect motorists such as Seitz from the kind of harm she suffered.

33.    The violation of those statutes shows an entire want of care under O.C.G.A. § 51-12-5.1 that raises the presumption of conscious indifference to the consequences and entitles Seitz to an award of punitive damages.

34.    As a direct and proximate result of Defendants' tortious conduct, Seitz suffered and continues to suffer damages.

## Count III—Target's Negligence

35.    Plaintiff incorporates the paragraphs above verbatim here.

36.    When the wreck occurred, Benson was towing a trailer that Target owned. That trailer constitutes a commercial motor vehicle under the Federal Motor Carrier Safety Regulations.

37.    Target owed a duty to motorists such as Seitz to use its property in a reasonable manner with the due care, skill, and expertise as would an ordinary person so as to not cause foreseeable and unreasonable risks of harm to others.

38.    Target is responsible for hiring, selecting, retaining, training, and supervising contractors and sub-contractors—including Swift Transportation and

Benson—to assure the proper execution of their duties as tractor-trailer drivers.

39.    Target also allowed Benson to tow its trailer without properly vetting Benson, the tractor, or Swift Transportation.

40.    Target was at all times responsible for its trailer. On information and belief, it could have prevented the trailer from leaving the distribution center before the wreck.

41.    The tractor, the trailer, or both were not road worthy and were improperly and inadequately maintained in violation of state and federal law, including 49 C.F.R. §§ 396.3 and 396.7. Target was thus negligent *per se*.

42.    Target breached the duties it owed to Seitz under state and federal law (including Federal Motors Carrier Safety Regulations) and as a direct and proximate result caused her damages.

43.    The violation of those statutes shows an entire want of care under O.C.G.A. § 51-12-5.1 that raises the presumption of conscious indifference to the consequences and entitles Seitz to an award of punitive damages.

44.    As a direct and proximate result of Defendants' tortious conduct, Seitz suffered and continues to suffer damages.

**Count IV—Red Rock's Liablity Under Georgia's Direct-Action Statute**

45.    Plaintiff incorporates the paragraphs above verbatim here.

46.     Red Rock is the liability insurance carrier who issued a coverage policy for Swift Transportation for the policy period within which the wreck occurred.

47.     Benson was a covered employee of Swift Transportation and was driving the commercial vehicle owned by Swift Transportation within the course and scope of his employment or agent responsibilities while it was covered by the liability insurance issued by Red Rock.

48.     Red Rock and Swift Transportation are subject to the filing requirements of O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

49.     Accordingly, Red Rock is responsible for any judgment rendered against Swift Transportation or Benson under Georgia's direct-action statute, O.C.G.A. § 46-7-12.

### Count V—Attorney's Fees and Expenses Under O.C.G.A. § 13-6-11

50.     Plaintiff incorporates the paragraphs above verbatim here.

51.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

52.     Plaintiff is therefore entitled to attorney's fees and litigation expenses under O.C.G.A. § 13-6-11 and other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a)    That summons issue requiring the Defendants to appear as provided by law to answer this Complaint for Damages;

(b)    That service be had on the Defendants as provided by law;

(c)    That Plaintiff have and recover compensatory and punitive damages, including under O.C.G.A. § 51-12-5.1;

(d)    That all attorney's fees, expenses, and costs be cast against the Defendants, including under O.C.G.A. § 13-6-11; and

(e)    For such other and further relief as the Court deems just and proper.


Dated: August 18, 2020           Respectfully submitted,


CHEELEY LAW GROUP, LLC

*/s/ Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727
Julia A. Merritt
Georgia Bar No. 159038

2500 Old Milton Parkway, Suite 200
Atlanta, Georgia 30009
T: (770) 814-8-7001
F: (678) 559-0273
bob@cheeleylawgroup.com
julia@cheeleylawgroup.com

KENNETH S. NUGENT, P.C.

*/s/ Ryan M. Horn*
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No.174337

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

*Attorneys for Plaintiffs*